IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02740-BNB

CHRISTOPHER EUGENE ZVOLANEK,

     Plaintiff,

v.

ROSE MEDICAL CENTER,
MR. KENNETH FEILER, Administrator,
EMERGENCY ROOM DEPARTMENT,
DR. DONALD LETKOWITZ, M.D.,
EMERGENCY ROOM NURSE MARLA UNKNOWN LAST NAME
     OR JANE DOE,
SECURITY PERSONNEL (2) UNKNOWN NAME OR JOHN DOE
     AT ROSE MED. CTR.,
DENVER HEALTH EMERGENCY MEDICAL SERVICE PERSONNELS [sic]
     (UNKNOWN NAME) JOHN AND JANE DOE, and
DENVER FIRE PERSONNELS [sic] (UNKNOWN NAME) JOHN DOES,

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 30 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Christopher Eugene Zvolanek, initiated this action by filing *pro se* a

complaint in which he asserts jurisdiction pursuant to "American Disability Acts Title II of

1990, Section 504, Malpractice, Discrimination, Human Rights." Complaint at 2. He

has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

     The Court must construe the complaint liberally because Mr. Zvolanek is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons

discussed below, Mr. Zvolanek will be ordered to file an amended complaint.

The Court has reviewed the complaint and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Zvolanek fails to provide a short and plain statement of the grounds for the Court's jurisdiction or a short and plain statement of his asserted claims. He appears to be asserting claims of disability-based discrimination pursuant to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, as well as other claims. He fails to assert which claims are asserted pursuant to which statute.

2

The substantive basis for Mr. Zvolanek's disability-based discrimination claims appears to be that he was denied a qualified sign language interpreter when he was a patient, apparently at the Rose Medical Center in Denver. The substantive basis for his remaining claims appears to be that he was subjected to excessive force during his hospitalization. It is not clear to the Court why he is suing any of the named defendants.

Mr. Zvolanek clearly expects the Court to piece together the claims and their factual support. This is not a judicial function. It is Mr. Zvolanek's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Zvolanek will be ordered to file an amended complaint that complies with Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that Plaintiff, Christopher Eugene Zvolanek, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order and with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Zvolanek, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Zvolanek fails within the time allowed to file an

3

amended complaint that complies with this order to the Court's satisfaction, the action will be dismissed without further notice.

DATED November 30, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-02740-BNB

Christopher Eugene Zvolanek
1580 Dahlia Street
Denver, CO 80220

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on ___11/30/09___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk